ENRIQUE CLAVELL BORRÁS, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE SAN JUAN, HON. DOMINGO RAFFUCCI, JUEZ, demandado.

Número: O-70-237     Resuelto: 15 de junio de 1971

---

*Enrique Clavell Borrás*, por su propio derecho.; *Baker & Woods, Gilberto Mayo Aguayo* y *Rafael Cuevas Kuinlam*, abogados de la recurrida.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Gazette Offset Americana, Ltd., instó acción ante el Tribunal Superior, Sala de San Juan, contra Litoimpresion, Inc., Enrique Clavell, María Martínez de Clavell y Gerardo Baldrich, en cobro de un pagaré por la suma de $19,804.65 que estaba garantizado con una hipoteca sobre bienes muebles.

Contestaron los demandados negando unos hechos y aceptando otros, y estableciendo defensas especiales. El codemandado Enrique Clavell, además reconvencionó.

Hubo una serie de incidentes procesales, tales como órdenes para el embargo de bienes en aseguramiento de sentencia sin fianza, toma de deposiciones, renuncias de representación legal, y anotación de rebeldía, celebración de vista y recepción de prueba sobre mociones de las partes.

En noviembre 24 de 1967 el demandado Enrique Clavell, alegando por derecho propio que el embargo trabado por la demandante sin fianza, le ocasionaba serias pérdidas y perjuicios, solicitó el señalamiento del caso en sus méritos para la fecha más próxima posible. En diciembre 20 de 1967 el Lcdo. Basilio Santiago Romero asumió la representación legal del codemandado Clavell.

Ocurrieron varios incidentes procesales más, entre ellos uno sobre toma de deposición del demandado Clavell señalada para el 18 de noviembre de 1968. El demandado solicitó se pospusiera dicha toma de deposición para una fecha posterior.

Aparece en el expediente copia de una carta fechada 11 de diciembre de 1968 dirigida por el Juez, Hon. Domingo Raffucci al Director Administrador de los Tribunales, informándole que el caso no estaba listo para juicio porque las partes se encontraban en la etapa de descubrimiento de pruebas.

En 17 de diciembre de 1968 se señala por primera vez la vista del caso en su fondo para el día 24 de abril de 1969. En dicha fecha comenzó el juicio habiendo la parte demandante presentado prueba testifical y además ofrecido prueba documental para su identificación. La continuación de la vista se señaló para el próximo lunes. La minuta del 28 de abril de 1969 expresa que no habiendo prosperado la estipulación por transacción, se señala nuevamente la continuación para el día 9 de septiembre de 1969. En dicho día la parte demandante continuó presentando el testimonio de Evelyn Berg y además ofreció prueba documental para su identificación. Se suspendió hasta nuevo señalamiento. La demandante solicitó mediante moción que se señalara la continuación para los días 26, 27 y 28 de enero de 1970; pero el tribunal hizo el señalamiento para los días 4 y 5 de mayo de 1970.

El 22 de abril de 1970, el abogado de los demandados esposos Clavell y Litoimpresion, Inc., radicó una moción renunciando la representación de éstos. Como motivo para ello expuso que había sido nombrado para ocupar el cargo de Sub-Secretario de Hacienda que tomaría posesión del mismo el día primero de mayo. En su consecuencia solicitó se le concediera a los demandados un término de 30 días para procurarse los servicios de nueva representación legal.

No surge del récord que el tribunal tomara acción sobre dicha moción. Sin embargo es evidente que el caso fue suspendido.

En 21 de mayo de 1970 la demandante presentó una moción en la que alega que el tribunal aceptó la renuncia de representación hecha por el abogado, Sr. Basilio Santiago Romero y que por tal razón el caso tenía que comenzar a verse de nuevo, lo que resultaría sumamente gravoso a la parte demandante. "Siendo ello así", dice la moción, "creemos justo y equitativo que antes que se haga un nuevo señalamiento para comenzar 'de novo' el caso de epígrafe los señores demandados, con la excepción del Sr. Gerardo Baldrich, deberán reembolsar a la parte demandante todos los gastos en que ha incurrido hasta la fecha, apercibiéndoles a los demandados que de no depositar en el tribunal, para entrega a la demandante de las cuantías que se mencionan más adelante, se procederá a eliminar las alegaciones, tanto de la demanda [sic] como de la reconvención, y anotarse la rebeldía a dichos demandados y desestimar la reconvención."

"10.—Que la parte demandante ha incurrido en los siguientes gastos:

Hotel, 4 días en Abril 1969, $16.00 por día
4 días en Septiembre 1969, $16.00 por día $128.00
Transportación aérea doble, New York a San Juan y vice versa a razón de $195.00 por cada viaje de ida y vuelta 390.00

| | |
|---|---:|
| Taxímetro a Kennedy Airport, Aeropuerto Internacional en Puerto Rico a hotel, hotel a aeropuerto, viajes a oficina de abogado y corte | 64.00 |
| Comidas 8 días a $15.00 por día | 120.00 |
| Llamadas telefónicas a Puerto Rico y de Puerto Rico a Nueva York | 52.00 |
| Pérdida de tiempo e ingreso para la demandante | 500.00 |
| Gastos Misceláneos | 100.00 |
| | $1,354.00 |
| Gastos Legales reembolso | 1,000.00 |
| | $2,354.00" |

Señalada para vista y discutida la referida moción el tribunal dictó en 11 de septiembre de 1970 la siguiente:

"Resolución

El Tribunal, oídas las manifestaciones de la parte demandante, concede a la parte demandada el término de treinta días para designar nueva representación legal y consignar en el Tribunal los gastos incurridos por la parte demandante.

De no hacerse así, se ordenará la eliminación de las alegaciones y la anotación de su rebeldía."

En 21 de septiembre de 1970 comparecieron los abogados Benny Frankie Cerezo y Rafael Quiñones Manautou asumiendo la representación de las co-demandadas Litoimpresion, Inc. y María Martínez de Clavell y solicitaron la reconsideración de la orden de 11 de septiembre que imponía a los demandados la obligación de depositar en corte la suma de $2,469.00 en concepto de gastos alegadamente incurridos por la demandante durante toda la tramitación del pleito. La reconsideración fue declarada sin lugar.

Expedimos un auto de *certiorari* para revisar la susodicha orden de 11 de septiembre de 1970.

La drástica sanción impuesta a los demandados en este caso no encuentra justificación ni en los incidentes ocu-

rridos durante toda la tramitación del caso, ni en la ley. No se trata de la imposición de una condición razonable para acceder a la suspensión de un juicio que puede acarrear perjuicios económicos a la parte contraria. Es decir, no se trata de obligar a los demandados a resarcir a la demandante los gastos que a ésta le ocasionara una suspensión inesperada de la vista, sin culpa de su parte. No cuestionamos la facultad del tribunal de instancia para acceder a suspensiones bajo aquellas condiciones que considere y sean justas. Se recordará que con bastante anticipación a la fecha señalada para la continuación de la vista del caso, el abogado de los demandados radicó su moción sobre renuncia de representación fundada en la causa cierta y legítima de su imposibilidad de continuar la representación que ostentaba por haber aceptado un cargo público. Mediante tales circunstancias no se justifica la imposición de sanciones a los demandados por razón del aplazamiento de la continuación del juicio. No se trata tampoco del ejercicio de la facultad del tribunal para imponer sanciones bajo las Reglas 27.7, 34, 37.2 y de cualquiera otras de las Reglas de Procedimiento Civil vigentes.

En verdad la resolución que revisamos lo que hace es imponer a los demandados el pago de las costas del litigio incluyendo honorarios de abogado. Tal actuación es contraria a la ley. Las costas se conceden a la parte a cuyo favor se resuelva el pleito. Dispone la Regla 44.4(a) de Procedimiento Civil:

"Las costas le serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación, excepto en aquellos casos en que se dispusiera lo contrario por ley o por estas reglas."

Los honorarios de abogado se imponen en las sentencias a la parte que haya procedido con temeridad. Regla 44.4(d).

■ No procede por tanto, la imposición de las costas a una parte, cuando el litigio no ha terminado, ni se ha dictado sentencia en su contra. Con mayor razón es improcedente la

condena en honorarios de abogado cuando aún no se ha resuelto nada sobre la temeridad de los litigantes.

■ El fundamento principal de la demandante, que parece haber sido aceptado por el tribunal de instancia, para condenar a los demandados al pago de las costas, y honorarios de abogado como condición para continuar litigando, es el de que por razón de la renuncia de representación del abogado Sr. Basilio Santiago, tendría que celebrarse un "juicio de novo", es decir, que el juicio debería comenzar desde el principio, volviéndose a pasar la misma prueba ya presentada por la demandante.

■ Carece totalmente de mérito tal contención. El cambio de abogados de una u otra parte, en nada altera o afecta el procedimiento excepto en lo que respecta al tiempo que pueda necesitar el nuevo abogado para compenetrarse de las cuestiones litigiosas y del estado de desarrollo del proceso. Ni siquiera esta circunstancia sería una base legal o justa para sostener la resolución recurrida. *Se anulará dicha resolución y se devolverá el caso para ulteriores procedimientos.*