# 98 DTA 132

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL VI DE CAGUAS/HUMACAO/GUAYAMA
PANEL I**

BORJAS LABOY CAMACHO
Peticionario

v.

BENITO MORALES AMARO, MARGARA MORALES, JESUS FUENTES DIAZ Y
PEDRO SOLIS, EN SU CARACTER PERSONAL Y COMO MIEMBROS DE LA
SOC. DE BIENES GANANCIALES QUE CADA UNO DE ELLOS TIENEN CONSTITUIDA
Recurridas

Núm. KLCE-98-00100

San Juan, Puerto Rico, a 19 de marzo de 1998

Panel integrado por su Presidente, Juez señor Brau Ramírez
y los Jueces señor Colón Birriel y señora Pesante Martínez

Pesante Martínez, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

Mediante el presente recurso de *certiorari* se pretende revoquemos una resolución dictada por el Tribunal de Primera Instancia, Sala Superior de Humacao. La misma declaró sin lugar una solicitud de sentencia sumaria desestimatoria de una reconvención. Además, dejó en efecto una sentencia de archivo dictada al amparo de la Regla 39.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III y mantuvo las sanciones impuestas a la parte demandante por el patrón de dejadez y falta de diligencia exhibida durante el caso. Denegamos la expedición del auto solicitado.

### I

En marzo de 1988 el demandante-peticionario Borjas Laboy Camacho instó una acción de deslinde contra Benito Morales Amaro y Jésus Fuentes Díaz. Alegó que había una confusión con los linderos comunes entre su propiedad y la propiedad de los demandados lo que ocasionaba que éstos realizaran actos de dominio sobre su propiedad e interfieran con el derecho que le asiste al libre disfrute de la misma.

Las referidas parcelas fueron adquiridas en virtud de un Programa de Vivienda Rural del Departamento de la Vivienda de Puerto Rico. En vista de ello, el foro de instancia trató de que las partes con la ayuda de sus peritos y de los planos del Departamento de la Vivienda acordaran unas mensuras. Las partes no se pusieron de acuerdo, pero estipularon acogerse al informe que rindiera el Programa de la Vivienda Rural a esos efectos. El 27 de enero de 1992 el Tribunal de Instancia aprobó el informe y dictó sentencia sumaria a favor del demandante. En consecuencia, ordenó que se fijaran nuevos linderos conforme a lo establecido en el informe y los planos sometidos por el Departamento. Además, se condenó a la demandada a pagar las costas y la suma de $200.00 por concepto de honorarios de abogados.

Los demandados solicitaron la revisión de la sentencia, pero el Tribunal Supremo denegó la petición. No obstante, se negaron a aceptar la misma y no le permitieron a los alguaciles fijar los nuevos linderos. Ante esta situación el Tribunal de Instancia dictó una Orden en la cual ordenó a Benjamín Morales Pagán a comparecer y mostrar causa por la cual no debía ser encontrado incurso en desacato.

Al parecer los problemas continuaron, razón por la cual, el 14 de octubre de 1992 el demandante instó un nuevo pleito de reivindicación más daños. En el mismo arguyó que los demandados estaban ocupando ilegalmente su propiedad y que había tratado infructuosamente de colocar los nuevos linderos. El 20 de mayo de 1994 el Tribunal de Instancia desestimó la referida acción con perjuicio a tenor con lo dispuesto en la Regla 39.2. Este señaló en la sentencia que el demandante no había hecho trámite alguno por más de un año y que había sido apercibido de la desestimación del pleito mediante una Orden el 6 de mayo de 1994.

*Así las cosas, el demandante decidió instar un tercer pleito titulado Injunction y Daños y* Perjuicios. En esta ocasión incluyó a dos nuevos demandados, la señora Margara Morales y el señor Pedro Solís. Por su parte, los demandados Benito Morales y Jesús Fuentes solicitaron la desestimación de la demanda por error en el diligenciamiento del emplazamiento. Por equivocación el emplazamiento dirigido a Benito Morales se diligenció en la persona de Jésus Fuentes y viceversa.

A esos efectos, el 8 de febrero de 1995 el Tribunal de Instancia dictó una orden concediéndole diez (10) días a la demandante para que se expresara. Ese mismo día el demandante compareció y le

informó al Tribunal que el emplazador había cometido un error de forma en los emplazamientos y que dicho error podía ser subsanado con la expedición de nuevos emplazamientos. El 13 de febrero el Tribunal emitió una orden para que el demandante acreditara a qué defectos se refería. El 18 de abril los demandados volvieron a solicitar la desestimación de la reclamación en su contra y el 20 de abril el Tribunal desestimó la referida acción. En la sentencia parcial se menciona que la parte demandante incumplió sus órdenes para replicar y explicar en que consistían los errores de forma cometidos por su emplazador. Condenó al demandante a pagar la suma de $200.00 por concepto de honorarios de abogados.

El 5 de octubre de 1995 Jesús Fuentes y Benito Morales le informaron al Tribunal que el demandado no había pagado los honorarios de abogados y solicitaron le impusiera sanciones al demandante. El 17 de octubre el Tribunal apercibió al demandante que de no pagar le impondría sanciones adicionales. El 8 de noviembre se condenó al demandante en ausencia a cumplir cinco (5) días de cárcel. El 9 de noviembre el Tribunal le ordenó a la representación legal informar la dirección física del demandante. El 27 de noviembre la representación legal del demandante consignó $200.00 para el pago de honorarios.

El 20 de octubre de 1994, Margara Morales contestó la demanda de epígrafe y reconvino. Alegó que la demanda incoada en su contra era viciosa, que ella no tenía nada que ver con la disputa de los terrenos, que no tiene relación de colindancia con la parte demandante ni con la co-demandada, que se encontraba enferma y la referida demanda le ha ocasionado sobresaltos innecesarios y que el demandante acusa a sus hijos de interferir en la disputa de colindancias con una actitud desafiante cuando ellos ni siquiera han hecho acto de presencia en el lugar en controversia. Solicitó resarcimiento por los daños causados.

El 28 de diciembre de 1994 el Tribunal emitió una orden concediéndole al demandante veinte (20) días para contestar la reconvención. El demandante no compareció por lo que el 25 de enero de 1995 Margara Morales solicitó se dictará sentencia en rebeldía. El 30 de enero el Tribunal emite otra orden intimando al demandante a fijar su posición y el 8 de febrero el demandante presentó su contestación a la reconvención. Por inadvertencia, el 11 de mayo de 1995 el Tribunal encontró al demandante incurso en rebeldía. El 23 de agosto el Tribunal dejó sin efecto la anotación de rebeldía.

El 14 de noviembre de 1995 Margara Morales le solicitó al Tribunal que condenara al demandante al pago de costas. El 31 de mayo de 1996 el Tribunal le impuso al demandante y a su representación legal una sanción de $250.00 a cada uno, por evitar con su falta de diligencia que se pudiera preparar el Informe de Conferencia con Antelación a Juicio. Además, ordenó al demandante a contestar un interrogatorio so pena de imponer una sanción de $1,000. El 11 de junio Margara Morales solicitó la imposición de sanciones.

El 23 de septiembre de 1996 el Tribunal emitió una orden concediendo diez (10) días a la representación legal del demandante para que mostrara causa por la cual no debía ser encontrado incurso en desacato por haber incumplido sus órdenes del 31 de mayo y 9 de julio. El 14 de octubre se le impuso a la representación legal del demandante una sanción de $200.00. El 5 de diciembre el Tribunal hace un recuento de todos los señalamientos y sanciones impuestas y le impone al demandante una sanción de $1,000. A su vez, señaló la Conferencia con Antelación al Juicio para el 29 de enero de 1997.

El 29 de enero se ordena el arresto del representante legal del demandante por no comparecer a la vista y se le fijó una fianza de $500.00. Igual situación se suscita el 19 de junio de 1997 y se le impuso una fianza de $1,000. El 4 de agosto de 1997 el Tribunal advino en conocimiento de que la representación del demandante fue suspendida del ejercicio de la abogacía efectivo el 5 de junio de 1997. El 12 de agosto se emitió una Orden para que el demandante anunciara su nueva representación legal, pero no se le pudo notificar. Es por ello que el 3 de septiembre el Tribunal ordenó a los demandados informaran la dirección del demandante. Nuevamente emitió una Orden instando al demandante a comparecer y mostrar causa por la cual no ha cumplido con la Orden del 12 de agosto.

En esta ocasión alegadamente advino el demandante en conocimiento de que se había presentado una tercera demanda y de las sanciones impuestas. Inmediatamente presentó una moción por derecho

propio informándole al Tribunal que no tenía conocimiento de las órdenes anteriores y solicitando un tiempo adicional para contratar una nueva representación legal.

Luego de evaluar su situación el demandante sometió un escrito titulado Memorando en Solicitud de Sentencia Sumaria Desestimatoria de la Reconvención y Petición para que se Expidan Nuevos Emplazamientos y se Deje Sin Efecto las Sanciones Impuestas al Demandante. Consiguientemente, el Tribunal dictó una Resolución declarando sin lugar todos sus planteamientos, denegando la presentación de la demanda enmendada y señalando vista para adjudicar la reconvención.

Inconforme con el referido dictamen recurre ante nos haciendo los siguientes señalamientos de errores:

*"1. Incidió el Tribunal al negarse a dictaminar que, en nuestra jurisdicción, el presentar una demanda no constituye fuente de responsabilidad.*

*2. Incidió el Tribunal al negarse a desestimar la reconvención de una parte que no fue sustituida dentro del término de seis (6) meses posteriores al fallecimiento.*

*3. Incidió el Tribunal al imponer sanciones al peticionario por acciones y omisiones en las que él no participó y de las cuales no tenía conocimiento.*

*4. Incidió el Tribunal al negarse a dejar sin efecto una resolución interlocutoria incorrectamente denominada "sentencia parcial" dictada como sanción por alegadamente no haberse cumplido una orden, y, como consecuencia, al denegar una solicitud de enmienda a la demanda."*

A continuación elaboramos los fundamentos por los cuales se deniega la expedición del auto.

## II

De entrada, queremos señalar que la mera presentación de una demanda no constituye fuente de responsabilidad. *Jiménez Alvarez v. Silén Maldonado, __* D.P.R. __ (1992), **92 J.T.S. 95**, pág. 9725, opinión de 30 de junio de 1992. Además, Margara Morales al instar su reconvención no sólo reclama por los daños sufridos por la presentación de la demanda sino por los daños ocasionados a su persona y su hijos por las expresiones del demandante de que éstos en actitud desafiante interfirieron en la disputa de colindancia, por los sufrimientos y angustias mentales que sufrieron sus hijos al ver tan consternada a su madre y por los gastos incurridos al tener que defenderse de una demanda que catalogaron de viciosa y malintencionada.

Cabe señalar, que en nuestro ordenamiento procesal las alegaciones tienen como propósito bosquejar a grandes rasgos cuáles son las reclamaciones de tal forma que el demandado quede notificado de las reclamaciones en su contra y pueda comparecer a defenderse. Por ende, las alegaciones no tienen que ser detalladas bastando una relación sucinta y sencilla. *Reyes Castillo v. Cantera Ramos Inc, __* D.P.R. __ (1996), **96 J.T.S. 9**, pág. 605, opinión de 24 de enero de 1996. *"Para precisar con exactitud cuáles son las verdaderas cuestiones en controversia y aclarar cuáles son los hechos que deberán probarse en el juicio, es imprescindible recurrir a los procedimientos para descubrir la prueba." Meléndez Vega v. Vocero de Puerto Rico, __* D.P.R. __ (1997), **97 J.T.S. 139**, pág. 300, opinión de 24 de noviembre de 1997 citando a *Presure Vessells P.R. v. Empire Gas P.R.,* **94 J.T.S. 144**, pág. 431, opinión de 23 de noviembre de 1994.

En el caso de autos, los reconvinientes reclamaron daños y perjuicios por los daños sufridos por la negligencia del demandante. El Tribunal de Instancia entendió que las alegaciones de la demanda eran suficientes en derecho para advertir de la reclamación formulada y que en esta etapa de los procedimientos no procedía la desestimación de la reconvención.

No olvidemos que por la dejadez y falta de diligencia del demandante los reconvinientes llevan pleiteando más de tres años y que éstos no se han beneficiado de un descubrimiento de prueba. En vista de ello, no encontramos elementos que nos persuadan a intervenir con la discreción del Tribunal.

Reiteramos, que existe una política pública de que los tribunales deben hacer todo lo que esté a su

álcance para que los casos se resuelvan en su méritos y no por sutilezas legales de alegaciones y procedimientos. *Reyes Castillo v. Cantera Ramos, Inc., supra.*

Por otro lado, aduce el demandante que el Tribunal debió desestimar la acción porque Margara Morales falleció hace más de un año y aún no se ha solicitado la sustitución de parte.

La Regla 22.1(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III, reza como sigue:

*"(a) Si una parte falleciere y la reclamación no quedare por ello extinguida, cualquiera de las partes en el procedimiento o sus abogados notificarán de su fallecimiento al tribunal y a las otras partes dentro del término de treinta (30) días contados desde la fecha en que se conozca tal hecho. El tribunal, a solicitud hecha dentro de los seis (6) meses siguientes a la fecha de dicha notificación, ordenará la sustitución de la parte fallecida por las partes apropiadas. Si la sustitución no se hiciere, según se dispone anteriormente, el pleito será sobreseído en cuanto a la parte fallecida. Podrán presentar la solicitud de sustitución los sucesores o representantes del finado o cualquiera de las partes, y dicha solicitud se notificará a las partes en la forma dispuesta en la Regla 67, y a las que no fueren en la forma que dispone la Regla 4."*

El propósito que persigue la mencionada regla es proveer *"un mecanismo mediante el cual, cuando una parte falleciere y la acción no quedara por ello extinguida, dicha acción pueda continuar a favor o en contra de la parte realmente interesada."* Echevarría Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664, 684 (1989). De igual manera, el hecho de establecer un término de treinta (30) días para notificar el fallecimiento atiende al interés público de que los casos se resuelvan sin dilaciones innecesarias. *Ibid*, pág. 685.

A diferencia de la enmienda para traer a una nueva parte a la demanda la sustitución coloca a la parte sustituta en la misma posición que tenía la sustituida. *Ibid. "Claro está, si la nueva parte comparece voluntariamente y realiza algún acto sustancial que la constituya en parte en el pleito, se somete a la jurisdicción del tribunal y esto hace innecesario el trámite de notificación y emplazamiento de la Regla 4, supra, Claudio v. Casillas Mojica, 100 D.P.R. 761, 773 (1972)." Ibid*, pág. 686.

En el caso de marras, los hijos de Margara Morales forman parte del pleito desde que comparecieron voluntariamente y se sometieron a la jurisdicción del Tribunal mediante la Contestación a la Demanda y Reconvención. Surge claramente del escrito presentado que sus hijos Dominico Morales Morales, Angel Luis Ortiz Morales y María Ortiz Morales comparecieron mediante el referido escrito y reclamaron daños en su carácter personal.

Además, la representación legal de los reconvinientes no sólo detalló la comparecencia de las partes en los escritos sometidos o hacía constar que estaba compareciendo a nombre de la parte demandada, sino que notificó al Tribunal del fallecimiento de Margara Morales y continuó diligentemente con la tramitación del pleito. La falta del trámite procesal no le ha causado daños al demandante ni ha dilatado los procedimientos. Esto quiere decir, que los propósitos que persigue la Regla 22.1 fueron cumplidos. Entendemos que desestimar la reconvención sería una sanción muy severa para quienes han demostrado en todo momento su interés en la dilucidación del caso. Recordemos que existe una política judicial de que los casos se ventilen en los méritos y de que la desestimación, como una sanción, debe ser el último recurso a utilizarse y sólo después de haberse apercibido a la parte. *Echevarría Jiménez v. Sucn. Pérez Meri, supra*, págs. 673-674.

Por tanto, resolvemos que no erró el Tribunal de Instancia al negarse a desestimar la reconvención por no haberse solicitado la sustitución de parte dentro del término de seis (6) meses que establece la Regla 22.1. Sin embargo, apercibimos a los reconvinientes a que de este momento en adelante soliciten mediante el trámite procesal correspondiente la sustitución de parte como Sucesión de Margara Morales para que la sentencia que recaiga en su día pueda ser exigida en su totalidad.

En cuanto a las sanciones impuestas resolvemos que la Regla 44.2 de las de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. III, faculta a los tribunal a imponer sanciones cuando la conducta de las partes vaya en detrimento de una eficiente administración de la justicia. La Regla 44.2 lee como

sigue:

*"El tribunal podrá imponer costas interlocutorias a las partes, y sanciones económicas en todo caso y en cualquier etapa a una parte y a favor del Estado por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la Justicia."*

Como podemos observar, la Regla 44.2 faculta a los tribunales a imponer sanciones a una parte que dilate innecesariamente los procedimientos judiciales. Esta regla *"[d]eja sin efecto la anterior norma del caso Clavell v. Tribunal Superior, 100 D.P.R. 67 (1971) (Pérez), que prohibía expresamente la imposición de costas a una parte cuando el pleito no hubiere terminado, ni se hubiere dictado sentencia en su contra... El propósito de esta regla es proveerle al tribunal un instrumento adicional para agilizar los procedimientos y de esta manera evitar la demora y congestión de los tribunales"*. Cuevas Segarra José A., *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San Juan, **Publicaciones J.T.S.**, 1979, Vol. II, pág. 248. Véase también, *Lluch v. España Service Sta.*, 117 D.P.R. 729 (1986).

En el presente caso la demandante aduce que no tenía conocimiento de las órdenes y sanciones impuestas en su contra y que cuando le preguntaba a su abogado por el trámite de su caso éste le decía que todo estaba normal. Por el contrario, los reconvinientes aducen que el tiempo transcurrido sin que el demandante se preocupara genuinamente por el status de su caso ameritaba una sanción. No podemos entrar a evaluar si el tribunal abusó de su discreción porque carecemos de jurisdicción.

El inciso (c) del Artículo 4.002 de la Ley Núm. 1 del 28 de julio de 1994, según enmendada, conocida como la Ley de la Judicatura de Puerto Rico de 1994 dispone que el recurso de *certiorari* para revisar resoluciones interlocutorias debe presentarse en el término de treinta (30) días y que dicho término es de cumplimiento estricto. Acorde con lo expuesto la Regla 32 del Reglamento del Tribunal de Circuito de Apelaciones dispone en lo pertinente:

*"(D) El recurso de certiorari para revisar cualquier otra resolución u orden del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta (30) días siguientes a la fecha de archivo en autos de copia de la notificación de la resolución recurrida. Este término es de cumplimiento estricto, excepto cuando mediaren circunstancias especiales debidamente justificadas en la solicitud de certiorari."*

Surge de la minuta presentada por el peticionario que el Tribunal le impuso las siguientes sanciones:

*"1) El 20 de abril de 1995, $200.00 por concepto de honorarios de abogados a favor de los co-demandados Benito Morales Amaro y Jesús Fuentes Díaz.*

*2) El 8 de noviembre de 1995, cinco (5) días de cárcel por no haber cumplido con la orden del 20 de abril y no comparecer a una vista pautada para ese día.*

*3) El 31 de mayo de 1996, $250.00 a favor de los reconvinientes por haber provocado que no se tuviera el Informe para la Conferencia con Antelación al Juicio. En dicha Orden se le apercibió que de no contestar el interrogatorio se impondría una sanción de $1,000.*

*4) El 5 de diciembre de 1996, $1,000 por no haber contestado el interrogatorio. Además, se le apercibió que de no pagar se le podría eliminar las alegaciones."*

Obsérvese, que ha transcurrido más de un año desde que se presenta este recurso y fueron dictadas dichas órdenes. Por ende, el término para recurrir en *certiorari* está vencido. El referido término es de cumplimiento estricto y hay que justificar circunstancias especiales para preterir el mismo.

El demandante aduce que no sabía de la presentación de la demanda, que su abogado se encontraba desorientado y que fue desaforado por la infinidad de quejas en su contra, que cuando éste pedía explicaciones su abogado le decía que todo estaba bien y que no tenía conocimiento de las órdenes y

sanciones impuestas. Resolvemos, que si bien es cierto que un cliente confía en que su abogado va a resolver sus asuntos con un alto grado de responsabilidad y que lo mantendrá informado de todo lo que acontezca, esto no es excusa para que el demandante se cruce de brazos y no se preocupe por su acción por casi un año. Véase como ilustración, *In re: Angel Pérez Padilla*, __ D.P.R. __ (1994), **94 J.T.S. 58,** pág. 11817, opinión de 15 de abril de 1994. Surge del expediente, que el demandante recibió una comunicación en su trabajo que le permitía inferir que había problemas en la tramitación de su caso, por lo que debió auscultar más profundamente y no limitarse a una simple llamada a su abogado. Por ende, no se acreditaron circunstancias especiales que ameriten extender el término de cumplimiento estricto.

Por último, alega que el Tribunal no debió desestimar la acción incoada contra Benito Morales Amaro y Jesús Fuentes Díaz sin haberle apercibido ·directamente, privándole de esta manera de la oportunidad de tener su día en corte. En cuanto a esta controversia, el demandante tenía treinta (30) días a contarse desde la notificación de la resolución interlocutoria llamada erróneamente *"sentencia parcial"* ▇ para solicitar su revisión. Tratándose de la revisión de una resolución, el presente recurso resulta tardío. Véase, como ilustración, *Progressive Finance & Investment Corp. v. LSM General Construction, Inc.,* __ D.P.R. __ (1998), **98 J.T.S. 8,** pág. 512, opinión de 4 de febrero de 1998.

Como ya hemos expuesto, el 20 de abril de 1995 y notificada el 21 de abril de 1995, el Tribunal de Instancia dictó una *"sentencia parcial"* desestimando la reclamación contra Benito Morales Amaro y Jesús Fuentes Díaz por deficiencias en el diligenciamiento de los emplazamientos. El demandante presenta como excusas a la presentación tardía las mismas razones aludidas anteriormente, no nos persuade.

De otra parte, el demandante presentó aproximadamente dos (2) años después, un escrito titulado memorando del peticionario para solicitar desestimación de la reconvención, enmienda a la demanda y que se levanten sanciones. El mismo lo evaluaremos como una solicitud de relevo de sentencia al amparo de la Regla 49.2, 32 L.P.R.A. Ap. II. Esta dispone en lo pertinente:

*"Mediante moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o su representante legal de una sentencia, orden o procedimiento por las siguientes razones:*

*1) Error, inadvertencia, sorpresa, o negligencia excusable;*

*2) Descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;*

*3) Fraude..., falsa representación u otra conducta impropia de una parte adversa;*

*4) Nulidad de sentencia;*

*5) La sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continuara en vigor; o*

*6) Cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.*

*"... La moción se presentará dentro de un término razonable, pero en ningún caso después de transcurrido seis (6) meses de haberse registrado la sentencia u orden o haberse llevado a cabo el procedimiento. Una moción bajo esta Regla 49.2 no afectará la finalidad de una sentencia, ni suspenderá sus efectos. Esta regla no limita el poder del tribunal para (a) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento; (b) conceder un remedio a una parte que en realidad no hubiera sido emplazada; y (c) dejar sin efecto una sentencia por motivo de fraude al tribunal...".*

En el caso de autos, el demandante presentó como excusa por su falta de diligencia que su abogado se encontraba desorientado y que no le informó sobre el estado procesal del caso. También arguyó que

no procedía se desestimase su reclamación por inacción debido a que antes de se dictara sentencia el demandante solicitó nuevos emplazamientos por lo que no transcurrieron seis (6) meses sin que se realizara trámite alguno.

El demandante pretendía que después de casi dos (2) años desde que se dictó sentencia, el Tribunal le diera a sus excusas un peso que no tienen y dejara sin efecto una sentencia dictada válidamente. Las alegaciones de que su abogado no le informó no son suficientes. Como norma general, *"todo litigante que escoge libremente a un abogado para que lo represente en un litigio no puede evitar las consecuencias de los actos y omisiones de tal agente y debe considerarse que ha tenido aviso de todos los hechos y actos que le han sido notificados a su abogado"*. *Maldonado v. Srio. de Rec. Naturales*, 113 D.P.R. 494, 497 (1982) ratificando a *Díaz v. Tribunal Superior*, 93 D.P.R. 79, 88 (1966).

Habida cuenta, el Tribunal entendió que el demandante no mostró la debida diligencia. En ausencia de abuso de discreción, error manifiesto, pasión, parcialidad o prejuicio, no intervendremos con el dictamen de instancia. Véase, *Aponte Rivera v. Sears Roebuck de P.R. Inc.*, __ D.P.R. __ (1998), **98 J.T.S. 12**, pág. 548, opinión de 24 de febrero de 1998; *Cándido Oliveras, Inc. v. Universal Insurance Company*, __ D.P.R. __ (1996), **96 J.T.S. 145,** pág. 298, opinión de 7 de noviembre de 1996; compárese, además, la situación de autos con *First Bank of Puerto Rico v. Inmobilaria Nacional, Inc.*, __ D.P.R. __(1998), **98 J.T.S. 18.**

Más aún e independiente de lo anterior, el relevo de sentencia se solicitó transcurrido el término de seis (6) meses dispuesto en la Regla 49.2. Dicho término es de naturaleza fatal; ello quiere decir, que vencido el referido término, no se puede adjudicar la solicitud de relevo. *Banco Santander P.R. v. Fajardo Farms Corp.*, __ D.P.R. __ (1996), **96 J.T.S. 100,** pág. 1355, opinión de 28 de junio de 1996. Debido a ello, es forzoso concluir que la solicitud del demandante procurando un relevo de sentencia amparándose en el inciso (a) de la Regla 49.2 resultó tardía.

Pese a que la propia Regla provee para que el tribunal pueda conocer un pleito independiente con el propósito de relevar a una parte de la sentencia, orden o procedimiento en su contra, no estamos ante un cuadro procesal que nos lleve a considerar el petitorio del demandante como un pleito independiente. Véase, *Olmeda Nazario v. Suerio Jiménez,* 123 D.P.R. 294, 299 (1989).

Por los motivos antes expuestos se deniega el presente recurso de *certiorari*.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Lcda. Aida I. Oquendo Graulau
Secretaria General

## ESCOLIO 98 DTA 132

**1.** *"Una sentencia es final o definitiva cuando resuelve el caso en sus méritos y termina el litigio entre las partes, en tal forma que no queda pendiente nada más que la ejecución de la sentencia." Además, el Tribunal deberá expresar de forma específica que no existen razones para posponer dictar sentencia y a esos efectos ordena su registro en los autos." First Federal Savings Bank v. Nazario González,* __ D.P.R. __ (1995); **95 J.T.S. 101,** notas al calces Núm. 4 y 6, pág. 1074, opinión de 30 de junio de 1995.