Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| ÁNGEL L. OTERO, RONAL SALAS, ÁNGEL M. MORALES AMARO<br><br>Parte Peticionaria<br><br>v.<br><br>BCPEABODY CONSTRUCTION SERVICES, LLC Y OTROS<br><br>Parte Recurrida | KLCE202500306 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso número: PE2021CV00106<br><br>Sala: 601<br><br>Sobre: Incumplimiento de Contrato, Cobro de Dinero – Ordinario, Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, a 30 de abril de 2025.

Comparecen ante *nos*, Ángel L. Otero Del Valle y Ronal Salas (peticionarios) y nos solicitan que revisemos una *Resolución Interlocutoria* emitida el 24 de febrero de 2025 y notificada el 26 de febrero de 2025, por el Tribunal de Primera Instancia (TPI o foro primario), Sala Superior de Ponce. Mediante dicho dictamen, el foro primario declaró *No Ha Lugar* la *Solicitud de Reconsideración* que presentaron los peticionarios.

Por los fundamentos que expondremos a continuación, se expide el auto de *certiorari* y se modifica el cálculo matemático de las costas interlocutorias.

**I.**

El 5 de noviembre de 2021, la parte peticionaria instó una *Demanda* sobre incumplimiento de contrato, cobro de dinero y daños y perjuicios en contra de BCPeabody Construction Services,

LLC. (recurrida). Tras varios incidentes procesales, innecesarios pormenorizar, el 13 de agosto de 2024, el TPI señaló el Juicio en su Fondo para el 3, 4, 5 y 6 de febrero de 2025, de manera presencial.

Posteriormente, el 31 de enero de 2025, la parte peticionaria presentó una *Moción Urgente Solicitando Suspensión de Vista en su Fondo.* En síntesis, solicitó la suspensión del Juicio pautado para el 3 de febrero de 2025 debido a que Ronal Salas se encontraba en el Centro Médico de Río Piedras con dolor en el vientre. Ese mismo día, la parte recurrida presentó una *Moción en Oposición a Moción Urgente Solicitando Suspensión de Vista.* Arguyó que la parte peticionaria no acompañó evidencia que sustentara la condición médica alegada. Además, sostuvo que la suspensión del Juicio le creaba una carga económica sustancial, ya que sus dos (2) representantes legales habían incurrido en gastos de preparación.

Así las cosas, el 3 de febrero de 2025, el foro primario emitió una *Resolución Interlocutoria* mediante la cual declaró *No Ha Lugar* la suspensión del Juicio en su Fondo. Asimismo, el TPI informó que el Juicio en su Fondo comenzaría ese mismo día a las 9:00 a.m. de manera presencial y con los testigos que estuvieran disponibles de la parte peticionaria. Consecuentemente, llamado el caso a las 9:00 a.m., la parte peticionaria no compareció ni su representación legal.

Entretanto, el foro primario emitió una *Orden de Mostrar Causa* mediante la cual dispuso:

> [s]e ordena a la parte demandante a mostrar causa por la incomparecencia en la mañana de hoy al Juicio en su Fondo que se llamó a las 9:00 am de manera presencial donde solamente compareció la parte demandada con sus representantes legales y sus testigos. La parte demandante tiene hasta las 9:45 am para comparecer para comenzar el Juicio en su Fondo so pena de sanciones graves de por lo menos $250.00.

En igual fecha, la parte peticionaria presentó una *Moción de Reconsideración y en Cumplimiento de Orden.* Por su parte, la parte

recurrida presentó una *Oposición a Moción de Reconsideración*. En respuesta, el TPI emitió una *Resolución Interlocutoria* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración. El 4 de febrero de 2025, llamado el caso para Juicio en su Fondo a las 9:00 a.m., la parte peticionaria ni su representación legal comparecieron.

Consecuentemente, el foro primario emitió una *Orden de Mostrar Causa* en la cual indicó:

> [e]n la mañana de hoy, 4 de febrero de 2025 se llamó el caso a las 9:00 am para Juicio en su Fondo. Estaba presente nuevamente la parte demandada. La parte demandante no compareció ni llamó a excusar la tardanza. Se ordena a la parte demandante a mostrar causa hasta las 9:15 am por la incomparecencia so pena de sanciones que comenzarán en $250.00. Se le apercibió ayer que este caso tenía hoy el segundo día de juicio señalado desde agosto de 2024, y que hoy comenzábamos a las 9:00 am de manera presencial y puntual so pena de sanciones. Véase Minuta y Resoluciones del 3 de febrero de 2025.

Así las cosas, el representante legal de la parte peticionaria compareció a sala de forma tardía y sin ningún testigo. Por lo cual, el foro primario dejó sin efecto el Juicio en su Fondo para los días 5 y 6 de febrero de 2025, señaló una nueva fecha para el Juicio en su Fondo para los días 4, 5 y 6 de junio de 2025 e impuso una sanción económica de $250.00 a la parte peticionaria.

Asimismo, el 5 de febrero de 2025, la parte recurrida presentó una *Moción en Cumplimiento de Orden Sobre Sanciones,* en la cual detalló los gastos incurridos como consecuencia de la cancelación del Juicio los cuales ascendieron a $3,305.68. Ese mismo día, el TPI emitió una *Resolución Interlocutoria* mediante la cual dio por cumplida la orden y en reconsideración, dejó sin efecto las sanciones impuestas de $250.00, pero mantuvo el *Memorando de Costas y Gastos* de la parte recurrida por la suspensión y reseñalamiento del Juicio en su Fondo. En igual fecha, el foro primario emitió una segunda *Resolución Interlocutoria* mediante la cual ordenó a la parte peticionaria el pago de los gastos incurridos por la recurrida por la suspensión del Juicio por $3,305.68.

Insatisfechos con esa determinación, el 21 de febrero de 2025, la parte peticionaria presentó una *Solicitud de Reconsideración.* El 24 de febrero de 2025, notificada el 26 de febrero de 2025, el TPI emitió una *Resolución Interlocutoria* mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración de la parte peticionaria. El 27 de marzo de 2025, la parte peticionaria compareció ante *nos* mediante una *Petición de Certiorari* y alegó la comisión de los siguientes errores:

**PRIMER ERROR:**

**ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR "NO HA LUGAR" LA MOCIÓN DE RECONSIDERACIÓN PRESENTADA POR LA PARTE DEMANDANTE EL 21 DE FEBRERO DE 2025, DONDE SE SOLICITA AL TRIBUNAL QUE DEJASE SIN EFECTO EL MEMORANDO DE COSTAS SOMETIDO POR LA PARTE DEMANDADA POR LA SUMA DE $3,305.68, YA QUE DICHO MEMORANDO ES CONTRARIO A DERECHO Y A LA REGLA 44.1 DE PROCEDIMIENTO CIVIL VIGENTES.**

**SEGUNDO ERROR:**

**ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR "NO HA LUGAR" LA MOCIÓN DE RECONSIDERACIÓN PRESENTADA POR LA PARTE DEMANDANTE EL 21 DE FEBRERO DE 2025, AL ORDENAR A LA PARTE DEMANDANTE EL PAGO DE LOS GASTOS INCURRIDOS POR LA PARTE DEMANDADA POR LA SUSPENSIÓN DEL JUICIO EN SU FONDO, CUANDO LA RAZÓN DE LA SUSPENSIÓN FUE POR LA ENFERMEDAD DE UNO DE LOS DEMANDANTES QUE FUE PROPIAMENTE JUSTIFICADA. EL TRIBUNAL DEBIÓ DISPONER DE LA SANCIÓN BASADO EN LA REGLA 44.2 SOBRE SANCIONES INTERLOCUTORIAS DE LAS DE PROCEDIMIENTO CIVIL VIGENTES.**

El 7 de abril de 2025, emitimos una *Resolución* mediante la cual le concedimos diez (10) días a la parte recurrida para mostrar causa por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado. En cumplimiento con nuestra *Resolución,* el 7 de abril de 2025, la parte recurrida presentó una *Oposición a*

*Recurso de Certiorari.* Contando con el beneficio de la comparecencia de todas las partes procedemos a resolver.

## II.

### A. *Certiorari*

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194 (2023). Véase, además, *Torres González v. Zaragoza Meléndez,* 211 DPR 821 (2023); *800 Ponce de León v. AIG,* 205 DPR 163 (2020); *Pueblo v. Díaz de León,* 176 DPR 913 (2009). En particular, es un recurso mediante el cual se solicita la corrección de un error cometido por un foro inferior. *Torres González v. Zaragoza Meléndez, supra.* Así pues, la determinación de expedir o denegar un recurso de *certiorari* está enmarcada en la discreción judicial. *800 Ponce de León v. AIG, supra.* Es decir, la característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *BPPR v. SLG Gómez-López,* 2023 TSPR 145, 213 DPR ___ (2023). No obstante, la discreción judicial para expedir o no el auto de *certiorari* solicitado no ocurre en un vacío ni en ausencia de unos parámetros. *Torres González v. Zaragoza Meléndez, supra.*

A esos efectos, la Regla 52.1 de Procedimiento Civil (32 LPRA Ap. V) limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari.* Véase, *Scotiabank v. ZAF Corp.,* 202 DPR 478 (2019). En lo pertinente, la precitada disposición reglamentaria, *supra,* dispone que:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones

KLCE202500306

cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia, al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de esos elementos está presente en la petición ante la consideración del Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649 (2000); *Lluch v. España Service Sta.*, 117 DPR 729 (1986).

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. *Torres González v. Zaragoza Meléndez, supra.* En lo pertinente, la precitada disposición reglamentaria dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari,* o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debemos utilizarlo con cautela y por razones de peso. *Pueblo v. Díaz de León, supra.*

Ahora bien, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. *Pueblo v. Rivera Santiago*, 176 DPR 559 (2009); *García v. Padró*, 165 DPR 324 (2005). El adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". *Pueblo v. Ortega Santiago*, 125 DPR 203 (1990). Así pues, un tribunal apelativo no intervendrá con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. *BPPR v. SLG Gómez-López, supra.* Véase, además, *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg*, 173 DPR 843 (2008).

**III.**

En su recurso, la parte peticionaria alegó que erró y abusó de su discreción el TPI al declarar *No Ha Lugar* la moción de reconsideración presentada el 21 de febrero de 2025, donde se solicita al Tribunal que deje sin efecto el memorando de costas presentado por la parte recurrida por la suma de $3,305.68, ya que dicho memorando es contrario a derecho y a la Regla 44.1 de Procedimiento Civil vigente. Indicó, además, que erró y abusó de su discreción el TPI al declarar *No Ha Lugar* la moción de reconsideración presentada el 21 de febrero de 2025, al ordenar a la

KLCE202500306

parte peticionaria el pago de los gastos incurridos por la parte recurrida por la suspensión del Juicio en su Fondo, cuando la razón de la suspensión fue por la enfermedad de uno de los peticionarios que fue propiamente justificada. Asimismo, sostuvo que el Tribunal debió disponer de la sanción basado en la Regla 44.2 de Procedimiento Civil, sobre sanciones interlocutorias.

Al examinar el trámite procesal del caso y la *Resolución* recurrida, no encontramos indicio de que el foro primario haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho. *Pueblo v. Rivera Santiago, supra*; *S.L.G. Flores, Jiménez v. Colberg, supra.* Véase, además, *Trans-Oceanic Life Ins. V. Oracle Corp*, 184 DPR 689 (2012).

En el caso ante *nos*, el foro primario tuvo la oportunidad de evaluar la *Moción en Cumplimiento de Orden Sobre Sanciones* y los escritos relacionados y, en consecuencia, emitió la *Resolución Interlocutoria* recurrida. Con lo cual no acontecen las circunstancias extraordinarias que justifican la expedición de un *certiorari.* Por consiguiente, reiteramos, que no encontramos indicio de que el TPI haya actuado de forma arbitraria, caprichosa, haya abusado al ejercer su discreción o cometido algún error de derecho al emitir su decisión. Así, con tal proceder, el foro primario actuó dentro de su discreción y conforme a derecho.

No obstante, lo anterior, debido a que el foro primario dejó sin efecto la sanción económica de $250.00, existe un error matemático en la *Resolución Interlocutoria* emitida el 5 de febrero de 2025. En lugar de $3,305.68 las costas interlocutorias debieron de ser por $3,055.68. Por lo cual, se expide el auto de *certiorari* a los únicos efectos de que se modifique la cuantía de las costas interlocutorias eliminando la sanción económica de $250.00.

**IV.**

Por los fundamentos antes expuestos, *expedimos* el auto de *certiorari* y *modificamos* el cálculo matemático que debió ser $3,055.68 en lugar de $3,305.68.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez concurre con voto escrito.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| ÁNGEL L. OTERO, RONAL SALAS, ÁNGEL M. MORALES AMARO<br><br>Parte Peticionaria<br><br>v.<br><br>BCPEABODY CONSTRUCTION SERVICES, LLC Y OTROS<br><br>Parte Recurrida | KLCE202500306 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso número: PE2021CV00106<br><br>Sala: 601<br><br>Sobre: Incumplimiento de Contrato, Cobro de Dinero – Ordinario, Daños y Perjuicios |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.

## VOTO CONCURRENTE DE LA JUEZA GRACE M. GRANA MARTÍNEZ

La regla 44.2 de Procedimiento Civil de 2009, permite que el foro primario imponga costas interlocutorias y sanciones económicas en todo caso y en cualquier etapa a una parte o a su representante legal por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia. Las cantidades recaudadas por sanciones económicas impuestas a las partes o a sus abogados ingresarán al Fondo Especial de la Rama Judicial. Por su parte, las sanciones económicas que el tribunal imponga al Estado Libre Asociado de Puerto Rico, agencias, corporaciones o instrumentalidades, se concederán a favor de la parte contraria en el pleito. 32 L.P.R.A. Ap. V.

El propósito de esta regla es "proveer al tribunal un instrumento adicional para agilizar los procedimientos y de esta

Número Identificador

RES2025 _____

manera evitar la demora y congestión en los tribunales". *Lluch v. España Service Sta.*, 117 DPR 729, 748-749 (1986).

La regla 44.2, supra, le brinda al juzgador dos acciones correctivas interlocutorias. Una, a través de las costas, mediante la cual puede imponer, en ciertas circunstancias, costas interlocutorias a favor de una parte para reembolsar **un gasto extraordinario innecesario** en el que tuvo que incurrir a causa de la otra parte. Otra, a través de las sanciones económicas interlocutorias. Las sanciones económicas se podrán imponer no solo a las partes, sino ahora también a los abogados. Además, las cantidades recaudadas por tales sanciones económicas ingresarán al Fondo Especial de la Rama Judicial, con excepción de aquellas sanciones que se impongan al Estado o sus agencias, corporaciones o instrumentalidades que se concederán *a favor de la parte contraria en el pleito. Pérez Torres v. Acad. Perpetuo Socorro*, 182 DPR 1016 1026-1027 (2011).

La regla 44.2 de Procedimiento Civil es autóctona. Mediante la incorporación de esta a nuestro acervo procesal se dejó sin efecto la norma jurisprudencial establecida en *Clavell v. Tribunal Superior*, 100 DPR 67, 72 (1971) la cual disponía categóricamente que; no procede la imposición de las costas a una parte, cuando el litigio no ha terminado, ni se ha dictado sentencia en su contra. Es decir, antes, si una parte, como en el caso que nos ocupa, provocaba una suspensión del juicio injustificada la otra parte no podía recobrar ciertos gastos, como los de perito que se tuvo que marchar sin declarar debido a la suspensión. El objetivo en la adopción de la regla es concederle al foro una herramienta para el manejo ágil y efectivo de los trámites ante su consideración evitando así la demora y congestión de casos. Proceden las cotas luego de determinar que la parte ha incurrido en conducta constitutiva de demora, inacción,

obstrucción o falta de diligencia en perjuicio de la eficiente administración de la justicia. El norte es agilizar los procedimientos y evitar la congestión en nuestros tribunales. *Pérez Pascual v. Vega Rivera*, 124 DPR 529, 539 (1989); Véase también J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. J.T.S., 2011, págs. 1325 a 1326.

De otra parte, las costas que podrá conceder el tribunal son **los gastos incurridos necesariamente** en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que un litigante debe reembolsar a otro. No obstante, el Tribunal Supremo de Puerto Rico ha aclarado que no todos los gastos del litigio son recobrables mediante costas. *J.T.P. Development Corp. V. Majestic Realty Corp.*, 130 DPR 456, 460 (1992).

En cuanto a la regla nos dice el Profesor Hernández Colón que los gastos a concederse son los mismos contemplados por la regla 44.1 de Procedimiento Civil. R. Hernández Colón, Práctica Jurídica de Puerto Rico, Derecho Procesal Civil, San Juan, 6ta ed., LexisNexis, 2017, página 431.

A tales efectos, la regla 44.1 de Procedimiento Civil dispone en lo pertinente que:

> …
> Las costas que podrá conceder el tribunal son los gastos en que se incurra necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra.
> …
> 32 LPRA Ap. V.

Entonces debe quedar claro que las costas procesales no cubren la totalidad de los gastos que ocasiona el proceso; ya que no son sinónimos de los gastos del litigio y **tienen una interpretación restrictiva** que se justifica tradicionalmente en el interés de garantizar el mayor acceso a los litigantes de manera económica".

*Maderas Tratadas v. Sun Alliance*, 185 DPR 880, 934-935 (2012) citando a J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. J.T.S., 2011, T. IV, pág. 1266. A modo de ejemplo, no son recobrables como costas <u>los honorarios de abogado</u>, salvo que una ley especial disponga para ello; los gastos ordinarios de oficina (tales como, pero sin limitarse a, sellos de correo postal, materiales de oficina, servicios telefónicos y de mensajería —sin justificar su necesidad para el caso—, y compra de mobiliario); la transportación de los abogados durante una inspección ocular; las transcripciones de récords de vista cuando se soliciten por ser convenientes pero no necesarias; los servicios paralegales, entre otros. *Garriga, Jr. v. Tribunal Superior*, 88 DPR 245, 248 (1963); *Andino Nieves v. A.A.A.*, 123 DPR 712, 718–719 (1989); *Pereira v. I.B.E.C.*, 95 DPR 28, 78 (1967). En cuanto a las fotocopias específicamente, se ha reconocido la procedencia del gasto de fotocopias del escrito de apelación y sus respectivos legajos, siempre y cuando se incurran cumpliendo los requisitos de presentación que impone el Tribunal de Apelaciones. *Sánchez v. Sylvania Lightning,* 167 DPR 247, 254 (2006). No obstante, si el gasto de fotocopias surge como resultado del trámite ordinario de oficina, no es recobrable como costas. *Puerto Rico Fast Ferries, LLC., v. Autoridad de Alianzas Públicas-Privadas*, 213 DPI 103, 116-117 (2023).

Entonces, aunque reconozco que la concesión de costas interlocutorias del Tribunal de Primera Instancia es una determinación discrecional que goza de nuestra deferencia, no es menos cierto que el ejercicio de discreción está atado al concepto de razonabilidad, las normas jurisprudenciales antes señaladas y una interpretación restrictiva del juzgador. Conforme tales criterios, no considero razonable que el foro primario haya autorizado el gasto de

fotocopias, gastos de alojamiento, costo de transportación, peajes y dietas de los abogados como costas interlocutorias.

Considero que el único gasto extraordinario innecesario que la parte apelada tuvo que hacer, considerable en esta etapa del proceso y a causa de la suspensión del juicio en sus méritos fue el costo del interprete que estuvo disponible ambos días. Así las cosas, hubiese expedido el Certiorari y modificado la resolución recurrida para conceder como costas interlocutorias únicamente la cantidad de $2,137.20 a favor de la parte recurrida. Por tal razón, concurre con la determinación mayoritaria de expedir el recurso, pero disiento en cuanto a la cuantía concedida.

En San Juan, Puerto Rico, a 30 de abril de 2025.


GRACE M. GRANA MARTÍNEZ
Jueza de Apelaciones